IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILFREDO MERCADO-CASTILLO

**Plaintiff**

v.

DENIS RICHARD MCDONOUGH, Secretary of the United States Department of Veteran Affairs, UNITED STATES OF AMERICA

**Defendants**

**CIVIL NO.** 18-1828 (RAM)

### MEMORANDUM AND ORDER

Pending before the Court is Defendants Denis Richard McDonough, Secretary of the United States Department of Veterans Affairs and the United States Department of Veteran Affairs' (collectively, "Defendants") *Motion for Summary Judgment*, *Memorandum of Law in Support of Motion for Summary Judgment*, and *Statement of Uncontested Facts*, requesting that the Court dismiss Plaintiff's *Complaint*. (Docket Nos. 33, 34 and 35, respectively). For the foregoing reasons, Defendants' request is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

### I. BACKGROUND

On November 2, 2018, Wilfredo Mercado-Castillo ("Mercado" or "Plaintiff") sued the Secretary of the United States Department of Veterans Affairs, and the United States Department of Veteran Affairs for unlawful employment practices that allegedly occurred

during his employment at the United States Department of Veteran Affairs (the "VA") (Docket Nos. 1). Specifically, Mercado claims that Defendants engaged in unlawful workplace retaliation and violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et. seq*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et. seq.*; the Rehabilitation Act, 29 U.S.C. § 794; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000, *et seq.*; and the Uniformed Service Employment and Reemployment Act ("USERRA"), 38 U.S.C. §4301, *et. seq*. Id.

On February 16, 2021, Defendants filed their *Motion for Summary Judgment* requesting dismissal of all of Plaintiff's claims. (Docket No. 33). Among their arguments, Defendants assert that Plaintiff has not offered evidence to support his various allegations of discrimination and that the Court lacks jurisdiction over Mercado's USERRA claim. (Docket No. 34 at 33).

## II. DISCUSSION

**A. USERRA**

USERRA prohibits employers from discriminating or taking adverse employment actions against individuals who are members of a uniformed services on the basis of their membership, performance of service, or obligation. *See* Vega-Colon v. Wyeth Pharms., 625 F.3d 22, 25 (1st Cir. 2010) (citing 38 U.S.C. §§ 4311(a)-(b). In

this context, the term "uniformed services" includes the Armed Forces and the Army National Guard, amongst others. *See* 38 U.S.C. § 4303(16)). Plaintiff is a member of the National Guard and/or Reserve. (Docket No. 1 ¶¶ 6, 47).

Although all employers are barred from discriminating on the basis of military service, USERRA establishes a specific mechanism to enforce rights with respect to employers that are federal executive agencies. (38 U.S.C. § 4324). Specifically, it "**does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court**; rather, it confers jurisdiction upon the Merit Systems Protection Board ("MSPB")." Dew v. United States, 192 F.3d 366, 372 (2d Cir. 1999) (citing 38 U.S.C. § 4324(b)). Accordingly, "USERRA requires that an aggrieved Department of Veterans Affairs employee **first file a claim with the MSPB**." Gafford v. McDonald, 2016 WL 7242159, at *9 (E.D. Mo. 2016). The MSPB is tasked with receiving and adjudicating any complaints, ultimately determining whether the employer complied with USERRA. *See* 38 U.S.C. §§ 4324(b)-(c). Final decisions made by the MSPB are in turn reviewed by the **United States Court of Appeals for the Federal Circuit**. Id. § (d)(1). In light of the foregoing, Plaintiff's cause of action under USERRA against the VA must be dismissed for lack of jurisdiction. *See* Ziegler v. Kempthorne, 266 F. App'x 505, 506 (8th Cir. 2008) (finding that dismissal of plaintiff's claims was proper because the district

court lacked jurisdiction over USERRA claims filed against federal executive agencies).

### B. Summary Judgment Standard

Motions for summary judgment are governed by Fed. R. Civ. P. 56(a). Summary judgment is proper if the movant shows that: (1) there is no genuine dispute as to any material fact, and (2) they are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Notably, the moving party has "the initial burden of demonstrat[ing] the absence of a genuine issue of material fact with definite and competent evidence." <u>Mercado-Reyes v. City of Angels, Inc.</u>, 320 F. Supp. 3d. 344, 347 (D.P.R. 2018) (quotation omitted) (emphasis added).

In this District, summary judgment is also governed by Local Rule 56. *See* L. CV. R. 56(e). Pursuant to this rule:

> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. **The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment**. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

<u>Id.</u> (emphasis added).

However, under Fed. R. Civ. P. 56(e)(1), if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact" the court is authorized to "give an opportunity to properly support or address the fact." In the present case, Plaintiff did not adequately address, with specific citations to the record, whether he had sufficient evidence to meet his burden of proof regarding his discrimination and retaliation claims. (Docket No. 39-1).

### III. CONCLUSION

In light of the above, Defendants' *Motion for Summary Judgment*, *Memorandum of Law in Support of Motion for Summary Judgment*, and *Statement of Uncontested Facts* at Docket Nos. 33, 34 and 35 are **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

Plaintiff's claims under USERRA are hereby **DISMISSED**. Furthermore, by **August 30, 2021**, Plaintiff **SHALL** address, with adequate citations to the record, Defendants' assertion that he lacks evidence to meet the applicable burden of proof on his claims. If Plaintiff fails to comply with this Order, the Court shall adjudicate the summary judgment with the record currently before it.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of July 2021.

S/ Raúl M. ARIAS-MARXUACH
United States District Judge